**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI, OHIO**

| | |
|---|---|
| **MARK ANDREAE**<br>8200 Eagle Ridge Drive<br>Cincinnati, OH 45243<br><br>     Plaintiff.<br><br>v.<br><br>**CAPITAL ONE**<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285<br><br>and<br><br>**SAKS FIFTH AVENUE LLC**<br>c/o Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221<br><br>     Jointly and Severally, Defendants. | Case No.:<br><br>Judge:<br><br><br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Mark Andreae's ("Plaintiff's") personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

I.     INTRODUCTION

1.     Defendant Capital One issued a Saks retail credit card to Plaintiff in or around 2016. On or about February 8, 2022, one or more unknown individuals used Plaintiff's credit card without Plaintiff's authorization, to purchase approximately

1

$49,606.30 in merchandise and gift cards at Defendant Saks Fifth Avenue LLC's ("Defendant Saks'") store located at 5175 Westheimer Road, Houston, Texas 77056. Plaintiff resides in Cincinnati, Ohio, and has not traveled out-of-state in some time due to his age, illness, and concerns regarding the COVID-19 pandemic. Plaintiff neither made nor authorized these transactions, nor did he receive any of the merchandise or gift cards purchased pursuant to these transactions. Nevertheless, the unknown individual(s) provided payment to Defendant Saks pursuant to unauthorized transactions charged to Plaintiff's credit, and Defendant Saks accepted those unauthorized payments.

2.    Plaintiff does not accept responsibility for repayment to Defendant Capital One, for the unauthorized transactions charged to his credit card by Defendant Saks. Plaintiff filed a police report to this effect. He also notified Defendant Capital One of the unauthorized transactions via telephone, and then in writing on the form prescribed by Defendant Capital One in accordance with his obligations under the Truth in Lending Act. Nevertheless, Defendant Capital One has refused to correct this billing error, continues to demand payment from Plaintiff for the balance with accumulating interest and fees, and has consequently ruined Plaintiff's otherwise perfect credit record. Plaintiff had no choice but to retain counsel, and bring this lawsuit against Defendants.

3.    Plaintiff now seeks damages against Defendant Capital One under the Truth in Lending Act ("TILA") and Ohio common law, as well as damages against Defendant Saks under Ohio common law and the Ohio Consumer Sales Practices Act ("CSPA"), to:

    a. Correct Defendant Capital One's billing error showing that Plaintiff is responsible for the total amount of unauthorized transactions, plus accumulating interest and fees on that balance;

    b. Disgorge Defendant Saks of the benefit of payment for the unauthorized transactions from Defendant Capital One, pursuant to the unauthorized use of Plaintiff's credit card;

    c. Rectify Plaintiff's credit record; and

    d. Collect statutory damages, plus attorneys' fees and costs.

## II.   <u>JURISDICTION</u>

4.    This Court has subject matter jurisdiction for Count One pursuant to TILA, 15 U.S.C. § 1640(e), and 28 U.S.C. §§ 1331 and 1337.

5.    This Court has subject matter jurisdiction for Count Two pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

6.    This Court has subject matter jurisdiction for Count Three pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

7.    This Court has subject matter jurisdiction for Count Four pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

8.    This Court has subject matter jurisdiction for Count Five pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

9.    This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k).

10.     This Court has personal jurisdiction over Defendant(s) because they conduct

substantial business in this District, and this lawsuit arises out of acts that

occurred in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

11.     Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), as a substantial part

of the events or omissions giving rise to the claim occurred in this District.

III.    <u>PARTIES</u>

12.     Plaintiff is a natural person currently residing within this Court's jurisdiction, at

8200 Eagle Ridge Drive, Cincinnati, Ohio 45243.

13.     At all relevant times, Plaintiff was and is a "consumer" within the meaning of

TILA at 15 U.S.C. § 1602(i).

14.     At all relevant times, Plaintiff was and is a "cardholder" within the meaning of

TILA at 15 U.S.C. § 1602(n).

15.     At all relevant times, Plaintiff was and is a "consumer" within the meaning of

CSPA at Ohio R.C. § 1345.01(D).

16.     At all relevant times, Defendant Capital One was and is a corporation organized

under the laws of the United States, with its principal place of business in Utah.

17.     At all relevant times, Defendant Capital One was and is a "creditor" within the

meaning of TILA at 15 U.S.C. § 1602(g).

18.     At all relevant times, Defendant Capital One was and is a "card issuer" within the

meaning of TILA at 15 U.S.C. § 1602(o).

4

19.     At all relevant times, Defendant Saks was and is a corporation organized under
        the laws of the State of New York, with its principal place of business in New
        York.

20.     At all relevant times, Defendant Saks was and is a "supplier" within the meaning
        of CSPA at Ohio R.C. § 1345.01(C).


IV.    <u>FACTUAL ALLEGATIONS</u>

21.     Plaintiff incorporates all other paragraphs in this Complaint by reference, as
        though fully written herein.

22.     Each action or inaction alleged against Defendants is also an allegation of action
        or inaction by Defendants' agents, predecessors, successors, employees,
        contractors, assignees, assignors and servicers, as is applicable.

23.     At all times relevant to this Complaint, Plaintiff has lived at 8200 Eagle Ridge
        Drive, Cincinnati, Ohio 45243.

24.     In or around 2016, upon Plaintiff's request, Defendant Capital One issued a Saks
        retail credit card with a $50,000 line of credit to Plaintiff.

25.     In or around 2016, Plaintiff received the credit card from Defendant Capital One.

26.     In addition to the credit card, Plaintiff received a Capital One Customer
        Agreement (attached hereto and incorporated herein, as "Exhibit A") from
        Defendant Capital One.

27.     The Capital One Customer Agreement delineates the terms of the contract
        between Defendant Capital One ("card issuer") and Plaintiff ("cardholder"), as
        they relate to the use of the credit card.

28.     The terms of the "Liability for Unauthorized Use" section, of the Capital One Customer Agreement between Plaintiff and Defendant Capital One:

    a.   Limit cardholder liability to a maximum amount of $50 for unauthorized transactions made with the credit card; and

    b.   Provide oral and written means by which a cardholder may notify the card issuer of unauthorized transactions.

29.     Plaintiff used the credit card once at Defendant Saks' store in Cincinnati, Ohio in or around 2016, to purchase jewelry and obtain Saks points from that purchase, which Plaintiff later redeemed at the same Saks Fifth Avenue store.

30.     In or around 2016, Plaintiff paid the balance on his credit card for that jewelry purchase, and Plaintiff has not used the credit card since.

31.     On or around February 8, 2022, Plaintiff received emails from Defendant Saks pursuant to a donotreply634@saksinc.com email address, with copies of receipts indicating that his credit card had been used to make in-store purchases at Defendant Saks' store in Houston, Texas.

32.     In the absence of Plaintiff's prior knowledge or consent, seven separate unauthorized transactions totaling $49,606.30 in merchandise and gift cards were charged to Plaintiff's credit card with Defendant Capital One on or around February 8, 2022, by Defendant Saks' store in Houston, Texas.

33.     On or around February 8, 2022, Plaintiff tried to contact Defendant Saks' store in Houston, Texas where the unauthorized transactions occurred, but he was unable to reach a customer service representative through the phone system, in the absence of a direct telephone extension.

34. On or around February 8, 2022, Plaintiff called Defendant Capital One and reported the unauthorized transactions via telephone.

35. During that phone call, Defendant Capital One's customer service representative requested that Plaintiff file a police report about the incident.

36. On or around February 10, 2022, Defendant Capital One sent Plaintiff a letter enclosing an Identity Fraud Information form.

37. The instructions included with the Identity Fraud Information form, requested that Plaintiff complete and return the form, in addition to providing copies of requested identifying documentation.

38. On or around February 10, 2022, Defendant Capital One sent another letter to Plaintiff, stating that Defendant Capital One:

    a. Had completed its investigation; and

    b. Determined that Plaintiff was liable for payment of the unauthorized transactions in the amount of $49,606.30.

39. Subsequently, Plaintiff filed a police report in Cincinnati, Ohio, regarding the details of the unauthorized use of his credit card at Defendant Saks' store in Houston, Texas.

40. A copy of that police report was then provided to Defendant Capital One.

41. On or around February 25, 2022, Plaintiff faxed to Defendant Capital One:

    a. The completed and signed Identity Fraud Information form; and

    b. The requested identifying documentation.

42.    This action constituted written notice provided by Plaintiff to Defendant Capital One, whereby Plaintiff put Defendant Capital One on notice that Plaintiff disputed:

    a.    The aforementioned charges; and

    b.    Defendant Capital One's billing error showing that Plaintiff was liable for those unauthorized transactions.

43.    Plaintiff indicated in Defendant Capital One's Identity Fraud Information form, that:

    a.    He received no benefit from the unauthorized transactions;

    b.    He did not provide authority to anyone else to use his credit card to make the unauthorized transactions; and

    c.    He accepts responsibility for the payment of *authorized* transactions on his credit card.

44.    Prior to the unauthorized transactions charged to Plaintiff's credit card on or about February 8, 2022, Plaintiff had a $0.00 balance on his credit card.

45.    On or about July 13, 2022, Plaintiff's counsel provided written notice to Defendant Capital One and Defendant Saks, that Plaintiff disputes the unauthorized charges on his credit card.

46.    On or about August 8, 2022, Plaintiff's counsel resent that written notice to Defendant Saks, at the address included for Defendant Saks in the caption of this pleading.

47.    Since February 8, 2022, Defendant Capital One:

    a.   Has not performed any investigation into the unauthorized transactions charged to Plaintiff's credit card;

    b.   Continues to assert that Plaintiff is liable for payment of the unauthorized transactions in the amount of $49,606.30; and

    c.   Continues to charge monthly interest and fees to Plaintiff upon the unpaid balance for the unauthorized transactions.

48.    Since February 8, 2022, Defendant Saks:

    a.   Has not performed any investigation into the unauthorized transactions charged to Plaintiff's credit card at Defendant Saks' store in Houston, Texas; and

    b.   Has retained payment for those transactions, pursuant to the unauthorized use of Plaintiff's credit card.

49.    Defendant Capital One has reported the account as past due on Plaintiff's credit report.

50.    As a direct and proximate result of Defendants' actions, Plaintiff's credit score has fallen from the mid-700s to the low-500s.

51.    As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

52.    As a direct and proximate result of Defendants' actions, Plaintiff has incurred actual damages, including but not limited to alleged liability for the unauthorized transactions on his credit card, and improperly charged interest and fees upon that $49,606.30 balance.

V.      COUNT ONE – TILA – CAPITAL ONE

53.     Plaintiff incorporates all other paragraphs in this Complaint by reference, as
        though fully rewritten herein.

54.     At all relevant times, Defendant Capital One was and is subject to TILA, 15
        U.S.C. § 1601, *et seq*.

55.     At all relevant times, the Capital One Customer Agreement Plaintiff entered into
        with Defendant Capital One, was and is an "open end consumer credit plan"
        within the meaning of TILA at 15 U.S.C. § 1602(j).

56.     Defendant Capital One's actions described herein constitute violations of TILA,
        15 U.S.C. § 1601, *et seq*.

57.     Defendant Capital One violated TILA, including pursuant to 15 U.S.C. §
        1643(a)(1)(B), 15 U.S.C. § 1643(b), 12 C.F.R. § 1026.12(b)(ii) and 12 C.F.R. §
        1026.13(a)(1), by:

        a.  Imposing liability in an amount greater than $50 upon Plaintiff for
            payment of the unauthorized transactions, as reflected in Plaintiff's
            account statement for billing cycle January 21, 2022 – February 17, 2022
            (attached hereto and incorporated herein, as "Exhibit B"); and

        b.  Failing to thereafter correct this billing error, despite notice having been
            provided by Plaintiff under the terms of the parties' Capital One Customer
            Agreement and in accordance with TILA, as to the *unauthorized* nature of
            those transactions.

58. Defendant Capital One violated TILA, including pursuant to 15 U.S.C. § 1666(a)(B)(ii), 12 C.F.R. § 1026.12(b)(1)(i), 12 C.F.R. § 1026.12(b)(2)(iii) and 12 C.F.R. § 1026.12(c)(3)(i)(A), by:

    a.  Failing to perform an investigation into the unauthorized transactions charged to Plaintiff's credit card, notwithstanding Plaintiff's willingness to cooperate and assist Defendant Capital One in the investigation; and

    b.  Failing to thereafter provide Plaintiff with a written explanation or clarification, setting forth the reasons why Defendant Capital One believes Plaintiff is liable for the unauthorized transactions in an amount exceeding $50.

59. Defendant Capital One violated TILA, including pursuant to 15 U.S.C. § 1666a(a), 12 C.F.R. § 1026.12(c)(1) and 12 C.F.R. § 1026.12(c)(2), by reporting the $49,606.30 balance plus accumulating interest and fees charged to Plaintiff's credit card for the unauthorized transactions, to one or more credit rating bureaus as a "delinquent" amount, rather than a "disputed" amount that is under investigation by Defendant Capital One.

60. As a direct result of Defendant Capital One's TILA violations, Plaintiff has suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

61. As a direct result of Defendant Capital One's TILA violations, Plaintiff has suffered actual damages, including but not limited to all costs, losses, consequential, incidental and other damages, flowing from:

    a.   The alleged liability for unauthorized transactions charged to Plaintiff's credit card;

    b.   The accumulating interest and fees improperly charged on the alleged credit card balance; and

    c.   The destruction of Plaintiff's credit.

62.    Wherefore, Defendant Capital One is liable to Plaintiff for damages, including but not limited to:

    a.   Plaintiff's actual economic and non-economic damages to be established at trial, including pursuant to 15 U.S.C. § 1640(a)(1);

    b.   Statutory damages at least twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures, including pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii);

    c.   The costs and attorney fees incurred in bringing this lawsuit, including pursuant to 15 U.S.C. § 1640(a)(3); and

    d.   All other relief as this Court deems just and necessary.

## VI.   COUNT TWO – BREACH OF CONTRACT – CAPITAL ONE

63.    Plaintiff incorporates all other paragraphs in this Complaint by reference, as though fully rewritten herein.

64.    Defendant Capital One's actions described herein constitute a breach of contract, under Ohio common law.

65. The Capital One Customer Agreement is a binding contract.

66. Plaintiff substantially performed his duties under that contract.

67. Plaintiff satisfied all conditions precedent, including notifying Defendant Capital One about the unauthorized transactions charged to his credit card pursuant to the terms of the "Liability for Unauthorized Use" section of the Capital One Customer Agreement.

68. Defendant Capital One had a contractual duty pursuant to the terms of the "Liability for Unauthorized Use" section of its Capital One Customer Agreement with Plaintiff to limit Plaintiff's liability for the unauthorized transactions to an amount not exceeding $50.

69. Defendant Capital One breached this contractual duty, as evidenced by the billing statements Defendant Capital One has provided to Plaintiff since February 2022, indicating that Plaintiff is liable for the unauthorized transactions in the entire amount of $49,606.30, plus accumulating interest and fees.

70. As a direct result of Defendant Capital One's breach of contract, Plaintiff has suffered actual damages, including but not limited to all costs, losses, consequential, incidental and other damages, flowing from:

   a. The alleged liability for unauthorized transactions charged to Plaintiff's credit card;

   b. The accumulating interest and fees improperly charged on the alleged credit card balance; and

   c. The destruction of Plaintiff's credit.

71.     Wherefore, Defendant Capital One is liable to Plaintiff for damages, including but not limited to:

    a.   Plaintiff's actual economic and non-economic damages to be established at trial; and

    b.   All other relief as this Court deems just and necessary.

VII.    <u>COUNT THREE – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – CAPITAL ONE</u>

72.     Plaintiff incorporates all other paragraphs in this Complaint by reference, as though fully rewritten herein.

73.     Defendant Capital One's actions described herein constitute a breach of the covenant of good faith and fair dealing under Ohio common law.

74.     Plaintiff *fulfilled* his implied duty of good faith and fair dealing with Defendant Capital One as it relates to the parties' Capital One Customer Agreement, including, by:

    a.   Immediately notifying Defendant Capital One of the unauthorized transactions incurred to his credit card, pursuant to the terms of the "Liability for Unauthorized Use" section of the parties' Capital One Customer Agreement;

    b.   Attempting to get into contact with the merchant, Defendant Saks, to request an investigation into the unauthorized transactions that took place by one or more unknown individuals at Defendant Saks' store in Houston, Texas;

    c. Cooperating with Defendant Capital One's request that Plaintiff file a police report regarding the details of the unauthorized use of his credit card in Houston, Texas; and

    d. Cooperating with Defendant Capital One's request that Plaintiff complete and return Defendant Capital One's Identity Fraud Information form, along with copies of the identifying documentation requested therein.

75. Defendant Capital One *breached* its implied duty of good faith and fair dealing with Plaintiff as it relates to the parties' Capital One Customer Agreement, including, by:

    a. Failing to provide any documentation and/or explanation in its letter to Plaintiff dated February 10, 2022, as to how it "had completed its investigation" into the matter and determined in two days' time that Plaintiff was liable for payment of the unauthorized transactions charged to his credit card at Defendant Saks' store in Houston, Texas;

    b. Failing to perform any investigation in coordination with the merchant, Defendant Saks and its store in Houston, Texas, which facilitated the unauthorized transactions by one or more unknown individuals who were *not* authorized to use Plaintiff's credit card;

    c. Choosing to hold Plaintiff liable for the unauthorized transactions in an amount exceeding the $50 limitation, as required under the terms of the "Liability for Unauthorized Use" section of the parties' Capital One Customer Agreement;

    d.  Failing to correct in a reasonably timely manner this monthly statement billing error, *repeatedly* alleging since February 2022 that Plaintiff is liable in the amount of $49,606.30 for the unauthorized transactions charged to his credit card; and

    e.  Improperly charging Plaintiff accumulating interest and fees, upon that original $49,606.30 balance.

76.    As a direct result of Defendant Capital One's breach of good faith and fair dealing, Plaintiff has been denied the benefit of using his $50,000 Saks retail credit card line of credit with Defendant Capital One, pursuant to the parties' Capital One Customer Agreement.

77.    As a direct result of Defendant Capital One's breach of good faith and fair dealing, Plaintiff has suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

78.    As a direct result of Defendant Capital One's breach of good faith and fair dealing, Plaintiff has suffered actual damages, including but not limited to all costs, losses, consequential, incidental and other damages, flowing from:

    a.  The alleged liability for unauthorized transactions charged to Plaintiff's credit card;

    b.  The accumulating interest and fees improperly charged on the alleged credit card balance; and

    c.  The destruction of Plaintiff's credit.

79.    Wherefore, Defendant Capital One is liable to Plaintiff for damages, including but not limited to:

      a.   Plaintiff's actual economic and non-economic damages to be established at trial; and

      b.   All other relief as this Court deems just and necessary.

VIII.   <u>COUNT FOUR – UNJUST ENRICHMENT – SAKS FIFTH AVENUE LLC</u>

80.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

81.    Defendant Saks' actions described herein constitute unjust enrichment under Ohio common law.

82.    Plaintiff conferred a benefit upon Defendant Saks on or about February 8, 2022, when Defendant Saks received payments totaling $49,606.30 by means of Plaintiff's $50,000 line of credit with Defendant Capital One, for seven separate unauthorized transactions made by one or more unknown individuals at Defendant Saks' store in Houston, Texas.

83.    Defendant Saks provided no means of communication through which Plaintiff was able to reasonably (a) provide notification to Defendant Saks of, and (b) request an in-store investigation into, the unauthorized transactions charged to Plaintiff's credit card at Defendant Saks' store in Houston, Texas.

84.    On or about August 8, 2022, Plaintiff's counsel provided Defendant Saks with written notice that Plaintiff disputes the unauthorized transactions charged to his credit card at Defendant Saks' store in Houston, Texas.

85.    At all times thereafter, Defendant Saks had knowledge that the transactions facilitated at Defendant Saks' store in Houston, Texas, were *un*authorized.

86. Defendant Saks never performed any investigation into the unauthorized transactions.

87. Under this set of circumstance, it would be unjust to allow Defendant Saks to retain the benefit of payment from the unauthorized use of Plaintiff's line of credit with Defendant Capital One, for the unauthorized transactions facilitated at Defendant Saks' store in Houston, Texas.

88. As a direct result of Defendant Saks' actions and omissions to act, Defendant Saks was unjustly enriched in the amount of $49,606.30.

89. As a direct result of Defendant Saks' unjust enrichment, Plaintiff has suffered actual damages, including but not limited to all costs, losses, consequential, incidental and other damages, flowing from:

   a. The alleged liability for unauthorized transactions charged to Plaintiff's credit card;

   b. The accumulating interest and fees improperly charged on the alleged credit card balance; and

   c. The destruction of Plaintiff's credit.

90. Wherefore, Defendant Saks is liable to Plaintiff for damages, including but not limited to:

   a. The disgorgement of the benefit of payment for the unauthorized transactions Defendant Saks received from Defendant Capital One, pursuant to the unauthorized use of Plaintiff's credit card;

   b. Plaintiff's actual economic and non-economic damages to be established at trial; and

c. All other relief as this Court deems just and necessary.

IX.     COUNT FIVE – CSPA – SAKS FIFTH AVENUE LLC

91.    Plaintiff incorporates all other paragraphs in this Complaint by reference, as
        though fully rewritten herein.

92.    On or about February 8, 2022, Defendant Saks facilitated unauthorized credit card
        transactions with one or more unknown individuals, at Defendant Saks' store in
        Houston, Texas.

93.    The one or more unknown individuals provided payment to Defendant Saks, in
        exchange for merchandise and gift cards, pursuant to the unauthorized use of
        Plaintiff's line of credit with Defendant Capital One.

94.    Those unauthorized transactions were and are "consumer transactions" within the
        meaning of CSPA at Ohio R.C. § 1345.01(A), at all times relevant to this
        complaint.

95.    Defendant Saks was and is subject to Ohio's Consumer Sales Practices Act, Ohio
        R.C. § 1345.01, *et seq.* ("CSPA"), at all times relevant to those consumer
        transactions.

96.    Defendant Saks' actions and omissions described herein constitute unfair,
        deceptive and unconscionable acts and practices, that violate Ohio's Consumer
        Sales Practices Act, Ohio R.C. § 1345.01, *et seq.* ("CSPA"), including at:

        a. Ohio R.C. § 1345.02;

        b. Ohio R.C. § 1345.03;

      c.   The rules adopted by the Ohio Attorney General at O.A.C. 109:4-3-09; and

      d.   The rules adopted by the Ohio Attorney General at O.A.C. 109:4-3-11.

97.    <u>By failing to have business practices in place within Defendant Saks' stores to prevent the unauthorized use of credit cards</u>, Defendant Saks violated CSPA, including at:

      a.   Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(1) – wherein Defendant Saks **deceptively** represented to Defendant Capital One, that Plaintiff had authorized the consumer transactions between Defendant Saks and the unknown individuals who received the merchandise and gift cards purchased pursuant to those *unauthorized* consumer transactions;

      b.   Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(9) – wherein Defendant Saks **deceptively** represented to Defendant Capital One, that Defendant Saks facilitated the unauthorized consumer transactions pursuant to the *authorized use* of Plaintiff's credit card; and

      c.   Ohio R.C. § 1345.03(A) and Ohio R.C. § 1345.03(B)(4) – whereby Defendant Saks **unconscionably** seeks to retain the benefit of payment from Plaintiff for the unauthorized consumer transactions, pursuant to Defendant Saks' facilitation of the *unauthorized* use of Plaintiff's credit card at Defendant Saks' store in Houston, Texas.

98.    <u>By accepting payment from Plaintiff pursuant to Defendant Saks' facilitation of the unauthorized use of Plaintiff's line of credit with Defendant Capital One</u>, for

the purchase of merchandise and gift cards which Plaintiff neither authorized nor received, Defendant Saks violated CSPA, including at:

a.   Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(1) – wherein Defendant Saks **unfairly** transferred ownership of the merchandise and gift cards subject to the unauthorized consumer transactions, to *one or more unknown individuals who did not have authority from Plaintiff to accept* ownership;

b.   Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(4) – wherein Defendant Saks **deceptively** represented to Defendant Capital One, that Plaintiff (or someone authorized by Plaintiff) had received the merchandise and gift cards subject to the unauthorized consumer transactions, rather than *one or more unknown individuals who were not authorized by Plaintiff to accept* that merchandise and those gift cards;

c.   Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(9) – wherein Defendant Saks **deceptively** represented to Defendant Capital One, that Defendant Saks accepted payment for completed consumer transactions with Plaintiff, when in fact, *Plaintiff never received any benefit, merchandise or gift cards* pursuant to the unauthorized consumer transactions; and

d.   Ohio R.C. § 1345.03(A) and Ohio R.C. § 1345.03(B)(3) – whereby Defendant Saks **unconscionably** seeks to retain the benefit of payment from Plaintiff for the unauthorized consumer transactions, when

*Plaintiff has received no benefit, merchandise or gifts cards* pursuant to the unauthorized consumer transactions.

99. <u>By failing to provide any business practice or procedure through which a consumer could file a complaint and/or request an investigation into unauthorized transactions charged to a consumer's credit card by an out-of-state Saks Fifth Avenue store</u>, Defendant Saks violated CSPA, including at:

   a. Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(1) – wherein Defendant Saks **unfairly** *denied Plaintiff the opportunity to notify Defendant Saks of and to request an investigation into* the unauthorized nature of the consumer transactions facilitated by Defendant Saks' store in Houston, Texas;

   b. Ohio R.C. § 1345.02(A), Ohio R.C. § 1345.02(B)(4) and Ohio R.C. § 1345.02(B)(5) – wherein Defendant Saks **unfairly** *denied Plaintiff the opportunity to request that Defendant Saks perform an investigation into* the whereabouts of the merchandise and gift cards provided pursuant to the unauthorized consumer transactions, to one or more unknown individuals at Defendant Saks' store in Houston, Texas, rather than to Plaintiff or to someone authorized by Plaintiff to accept that merchandise and those gift cards on Plaintiff's behalf;

   c. Ohio R.C. § 1345.02(A) and Ohio R.C. § 1345.02(B)(9) – wherein Defendant Saks **unfairly** *neglected to perform any investigation into the unauthorized consumer transactions*, and has instead **deceptively**

represented to Defendant Capital One that Defendant Saks' receipt of payment from Plaintiff's credit card was and is authorized; and

d.  Ohio R.C. § 1345.03(A) and Ohio R.C. § 1345.03(B)(1) – whereby Defendant Saks **unconscionably** seeks to retain the benefit of payment from Plaintiff for the unauthorized consumer transactions at Defendant Saks' store in Houston, Texas, *when there was and is no way for Plaintiff to reasonably provide notice of the unauthorized nature of the consumer transactions to Defendant Saks, and request that Defendant Saks perform an investigation* into same.

100.  Defendant Saks violated CSPA, including at O.A.C. Rule 109:4-3-09(A)(2)(b), by accepting payment from Plaintiff for the merchandise and gift cards subject to the unauthorized consumer transactions, without subsequently:

a.  Providing that merchandise and those gift cards to Plaintiff (or someone authorized by Plaintiff to receive same); or

b.  Providing Plaintiff with a full refund for that merchandise and those gift cards, within eight weeks of Defendant Saks' acceptance of payment for same.

101.  Defendant Saks violated CSPA, including at O.A.C. Rule 109:4-3-11(A)(8), by emailing Plaintiff receipts for the unauthorized consumer transactions, wherein Defendant Saks makes Plaintiff responsible for payment of the items transferred pursuant to those unauthorized transactions, unless and until Plaintiff provides notice to Defendant Saks that Plaintiff does not accept those items.

102. As a direct result of Defendant Saks' CSPA violations, Plaintiff has suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

103. As a direct result of Defendant Saks' CSPA violations, Plaintiff has suffered actual damages, including but not limited to all costs, losses, consequential, incidental and other damages, flowing from:

   a. The alleged liability for unauthorized transactions charged to Plaintiff's credit card;

   b. The accumulating interest and fees improperly charged on the alleged credit card balance; and

   c. The destruction of Plaintiff's credit.

104. Wherefore, Defendant Saks is liable to Plaintiff for damages, including but not limited to:

   a. Plaintiff's actual economic and non-economic damages to be established at trial;

   b. Statutory damages including Plaintiff's actual economic damages plus an amount not exceeding $5,000 in noneconomic damages, including pursuant to Ohio R.C. § 1345.09(A);

   c. Statutory damages three times the amount of Plaintiff's actual economic damages or $200, whichever is greater, plus an amount not exceeding $5,000 in noneconomic damages, including pursuant to Ohio R.C. § 1345.09(B) and Ohio R.C. § 1345.05(A)(3);

    d.   The costs and attorney fees incurred in bringing this lawsuit, including pursuant to Ohio R.C. § 1345.09(F); and

    e.   All other relief as this Court deems just and necessary.

X.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that this Court:

A.    Assume jurisdiction of this case;

B.    Grant judgment in favor of Plaintiff on all claims, and for the remedies sought in each claim;

C.    Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

D.    Enjoin Defendant Capital One from adding additional interest and fees to Plaintiff's credit card;

E.    Issue an order directing Defendant Capital One to correct the billing error showing that Plaintiff is liable for payment of the unauthorized transactions charged to Plaintiff's credit card;

F.    Issue an order directing Defendant Capital One to correct the billing error showing that Plaintiff is liable for any and all interest and/or fees charged to Plaintiff's account, in connection with the unpaid balance for the unauthorized transactions;

G.    Issue an order directing Defendant Capital One to correct any and all prior communications with any and all credit rating bureaus, reporting the balance, interest and fees on Plaintiff's credit card as "delinquent," to indicate instead, that:

1) The balance, interest and fees charged to Plaintiff's credit card are "disputed";

2) The dispute has been resolved; and

3) That Plaintiff is not now, and was not ever, liable for payment of that disputed balance, or any interest or fees Defendant Capital One charged to Plaintiff upon or in regard to that disputed balance.

H.   Issue an order directing Defendant Saks to disgorge itself of payment received in connection with the unauthorized transactions, through the unauthorized use of Plaintiff's line of credit with Defendant Capital One;

I.   Regarding Count One, award Plaintiff damages, including but not limited to:

1) Plaintiff's actual economic and non-economic damages to be established at trial, including pursuant to 15 U.S.C. § 1640(a)(1);

2) Statutory damages at least twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures, including pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii);

3) The costs and attorney fees incurred in bringing this lawsuit, including pursuant to 15 U.S.C. § 1640(a)(3); and

4) All other relief as this Court deems just and necessary;

J.   Regarding Count Two, award Plaintiff damages, including but not limited to:

1) Plaintiff's actual economic and non-economic damages to be established at trial; and

2) All other relief as this Court deems just and necessary;

K.     Regarding Count Three, award Plaintiff damages, including but not limited to:

    1) Plaintiff's actual economic and non-economic damages to be established at trial; and

    2) All other relief as this Court deems just and necessary;

L.     Regarding Count Four, award Plaintiff damages, including but not limited to:

    1) The disgorgement of the benefit of payment for the unauthorized transactions Defendant Saks received from Defendant Capital One, pursuant to the unauthorized use of Plaintiff's credit card;

    2) Plaintiff's actual economic and non-economic damages to be established at trial; and

    3) All other relief as this Court deems just and necessary;

M.     Regarding Count Five, award Plaintiff damages, including but not limited to:

    1) Plaintiff's actual economic and non-economic damages to be established at trial;

    2) Statutory damages including Plaintiff's actual economic damages plus an amount not exceeding $5,000 in noneconomic damages, including pursuant to Ohio R.C. § 1345.09(A);

    3) Statutory damages three times the amount of Plaintiff's actual economic damages or $200, whichever is greater, plus an amount not exceeding $5,000 in noneconomic damages, including pursuant to Ohio R.C. § 1345.09(B) and Ohio R.C. § 1345.05(A)(3);

4) The costs and attorney fees incurred in bringing this lawsuit, including pursuant to Ohio R.C. § 1345.09(F); and

5) All other relief as this Court deems just and necessary;

N.      Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available;

O.      Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation, including pursuant to 15 U.S.C. § 1640(a)(3) and Ohio R.C. § 1345.09(F); and

P.      Award such other relief as the Court deems appropriate.


Dated:      October 24th, 2022


Respectfully Submitted,
DOUCET GERLING CO., L.P.A.

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)
655 Metro Place South, Suite 600
Dublin, OH  43017
PH: (614) 221-9800
Fax: (818) 638-5548
andrew@doucet.law
*Attorney for Mark Andreae*


## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.


*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)